USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 97-1778 TERENCE M. BENNETT, Petitioner, Appellant, v. COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.  ____________________ ON APPEAL FROM THE DECISION OF THE UNITED STATES TAX COURT [Hon. Robert P. Ruwe, U.S. Tax Court Judge] ____________________  ____________________ Before Lynch, Circuit Judge, _____________ Coffin and Cyr, Senior Circuit Judges. _____________________  ____________________ Peter D. Anderson, with whom Scott H. Harris and McLane, Graf, __________________ _______________ _____________ Raulerson & Middleton, P.A. were on brief for appellant. ___________________________ Michelle B. O'Connor, Attorney, Tax Division, Department of ______________________ Justice, with whom Loretta C. Argrett, Assistant Attorney General, and __________________ Gilbert S. Rothenberg, Attorney, Tax Division, Department of Justice, ______________________ were on brief for appellee.  ____________________   FEBRUARY 25, 1998  ____________________ Per Curiam. Petitioner Terence M. Bennett challenges Per Curiam. ___________ a United States Tax Court ruling rejecting his request for the redetermination of a tax deficiency resulting from his receipt of the proceeds from the sale of five antique automobiles. Bennett _______ v. Commissioner, 73 T.C.M. (CCH) 2389 (1997). In the Tax Court ____________ Bennett maintained that some Saudi friends had owned the vehicles, sold them, then loaned him the proceeds. See Webb v. ___ ____ Commissioner, 15 F.3d 203, 205 (1st Cir. 1994) ( [B]ona fide loan ____________ _____ ____ proceeds are not gross income to the borrower. ). On appeal, he maintains that the burden of proving a deficiency assessment predicated on unreported income should rest with the Commissioner, not the taxpayer. Bennett concedes, however, as he must, that the law in this circuit is to the contrary, see Delaney v. Commissioner, 99 ___ _______ ____________ F.3d 20, 23 (1st Cir. 1996) (citing United States v. Rexach, 482 _____________ ______ F.2d 10, 16 (1st Cir. 1973)), and that other courts of appeals permit such burden-shifting only if the deficiency assessment is manifestly arbitrary and capricious or devoid of a plausible factual predicate for linking the taxpayer to the income, see, ___ e.g., Portillo v. Commissioner, 932 F.2d 1128, 1132-33 (5th Cir. ____ ________ ____________ 1991). Accordingly, the contention urged on appeal devolves into a claim that the Tax Court s meticulous findings of fact are clearly erroneous. See Crowley v. Commissioner, 962 F.2d 1077, ___ _______ ____________ 1080 (1st Cir. 1992). In support, Bennett simply points to inconclusive bits of evidence which might be considered indicia of a bona fide loan ____ ____ 2 transaction, at the same time downplaying a mountain of evidence including his own admissions that he owned the vehicles and ___ __________ deliberately structured the transaction to avoid taxes. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id.  ___ Affirmed, see Local Rule 27.1. The parties shall bear Affirmed, see Local Rule 27.1. The parties shall bear ________ ___________________ ______________________ their own costs. SO ORDERED. their own costs. SO ORDERED. _______________ __________ 3